UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN KUNLAY WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2458 RWS |
| | ) |
| SHERIFF JOHN COTTLE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner currently incarcerated at Butner Federal Correctional Institution, seeks leave to proceed without prepayment of the filing fee in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00, which is reasonable based on the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Furthermore, upon initial review, the Court finds plaintiff's action to be non-frivolous and will issue process on defendant.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement. At the time of this submission, plaintiff had been an inmate at the Lincoln County Jail for less than two months, and did not have a prison account statement reflecting the past six months. His account at the Lincoln County Jail had a negative balance of $2.00. On May 9, 2017, however, plaintiff submitted a copy of his certified account statement to the Court in another case, *Williams v. Lloynde*, No. 4:17-CV-1481 NCC, in which he stated he had $9.27 in his prison account. *See Williams v. Lloynde*, No. 4:17-CV-1481 NCC (E.D. Mo. filed July 11, 2017). Therefore, the Court will require plaintiff to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

**Legal Standard**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff sues defendant John Cottle, Sheriff of Lincoln County and Corrections Director for Lincoln County Jail, in his individual capacity for violations of plaintiff's constitutional rights.[1] Plaintiff states that he is an insulin-dependent diabetic, and defendant Cottle refused to give plaintiff his daily insulin for more than sixty days while he was housed in Lincoln County Jail.[2] Plaintiff also complains that the medical room at the Lincoln County Jails is insufficient for his needs, and the cafeteria does not provide for diabetic inmates' dietary needs. Plaintiff seeks damages in the amount of $5,000,000.00.

**Discussion**

Plaintiff alleges defendant Cottle denied him his daily insulin treatment from August 31, 2017 to November 6, 2017, while he was an inmate in the Lincoln County Jail. Plaintiff alleges

---

[1] Although plaintiff initially sued defendant Cottle only in his official capacity, he sought leave to amend to sue him in his individual capacity. *See* ECF No. 4 at 3 ("The plaintiff Kevin Kunlay Williams he is asking to change the capacity suing defendant to the individual for the record change."); ECF No. 5 at 6 (filing a new page 1 of complaint, indicating defendant is being sued in his individual capacity). The Court will grant plaintiff leave to amend, and will direct the Clerk of Court to change the caption on the docket sheet accordingly.

[2] On November 6, 2017, plaintiff was transferred from Lincoln County Jail to the Saint Louis County Justice Center (*see* ECF No. 9). Plaintiff has since been transferred to Butner Federal Correctional Institution. For this reason, the Court will deny as moot plaintiff's "motion for a leave for court to intervene immediately because the plaintiff could be dead at the Lincoln County Jail without insulin daily dosage treatment." [ECF No. 6]

he "has not refused any daily dosage of insulin treatment." Rather, defendant Cottle refused to provide him insulin in an effort to punish him.

To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). On initial review, the Court finds plaintiff has stated a non-frivolous action against defendant Cottle under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights to be free of cruel and unusual punishment. As a result, the Court will issue process on plaintiff's complaint on defendant Cottle in his individual capacity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that plaintiff's request to amend the complaint to sue defendant Sheriff John Cottle in his individual capacity is **GRANTED**. [ECF No. 4 at 3]. The

---

[3] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

Clerk of Court shall amend the caption of the docket sheet to reflect that defendant John Cottle is sued in his individual capacity.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the plaintiff's complaint as to defendant Sheriff John Cottle in his individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's motion for the Court to intervene is **DENIED as moot**. [ECF No. 6]

Dated this 22nd day of January, 2018.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE